IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JESSICA COFER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | DIST. COURT NO.: |
| ) | |
| v. ) | |
| ) | |
| **NAVIENT CORPORATION,** ) | |
| ) | |
| Serve at: ) | |
| CORPORATION SERVICE COMPANY. ) | |
| 2711 CENTERVILLE RD, SUITE 400 ) | |
| WILMINGTON, DE 19808 ) | |
| ) | |
| And, ) | |
| ) | |
| **STUDENT ASSISTANCE CORPORATION** ) | |
| ) | |
| Serve at: ) | |
| CORPORATION SERVICE COMPANY. ) | |
| 2711 CENTERVILLE RD, SUITE 400 ) | |
| WILMINGTON, DE 19808 ) | |
| ) | |
| Defendants. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Jessica Cofer, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. Seq.*

2. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. This is an action for actual and punitive damages brought by an individual

- 1 -


Case: 4:16-cv-00058-HEA   Doc. #:  1   Filed: 01/14/16   Page: 2 of 10 PageID #: 2

consumer for invasion of privacy.

4. Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION

5. This Court has jurisdiction of the TCPA claim under 47 U.S.C. § 227 (3)(b). Venue is appropriate in this Court because Defendants placed prohibited telephone calls to Plaintiff at Plaintiff's phone located in St. Charles County, Missouri.

6. This Court has jurisdiction of the FDCPA claim under 15 USC § 1692k (d) because the Defendants' illicit collection activity was directed at Plaintiff in St. Charles County, Missouri.

7. This Court has jurisdiction of the state law claim of invasion of privacy pursuant to 28 U.S.C. § 1367 because the conduct giving rise to the claim occurred in St. Charles County, Missouri.

## PARTIES

8. Plaintiff is a natural person currently residing in St. Charles County, Missouri.

9. Defendant Navient Corporation ("Navient") is a foreign corporation with its principal place of business in Wilmington, DE. The principal business purpose of Defendant Navient is the servicing of federal student loan debt.

10. Defendant Student Assistance Corporation ("SAC") is a foreign corporation with its principal place of business in Wilmington, DE. The principal business purpose of Defendant SAC is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

*Telephone Consumer Protection Act*

11. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

12. At all times relevant to this complaint, Defendants have owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

13. Defendants at all times relevant to the complaint herein engaged in "telecommunications" as defined by the TCPA 47 U.S.C. § 153(50).

14. Defendants at all times relevant to the complaint herein engaged in "interstate communications" as defined by the TCPA 47 U.S.C. § 153(28).

15. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

16. At all times relevant to this complaint, Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

*Fair Debt Collection Practices Act*

17. Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

18. Specifically, Plaintiff believes the alleged debt arose from a defaulted federal student loan serviced by Defendant Navient and in collections with Defendant SAC.

19. Defendant SAC is engaged in the collection of debts from consumers using the mail

and telephone.  Defendant SAC collected defaulted student loans for Defendant Navient.[1] Defendant SAC is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a (6).

### *Invasion of Privacy*

20. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it states as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
> 15 U.S.C. § 1692(a) (emphasis added).

21. The Federal Communications Commission recognized the costs and damage to a consumer's right to privacy that robo calls created:

> Noting that Congress found that automated or prerecorded telephone calls were a greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient, the Commission determined that the TCPA and its rules prohibit such calls to wireless numbers. The Commission also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, ¶7 (Jan. 4, 2008).

### **FACTS**

22. Within one year immediately preceding the filing of this lawsuit, Defendants telephoned the Plaintiff's cellular phone using an automatic telephone dialing system on numerous occasions and left pre-recorded messages on the Plaintiff's answering service in violation of the TCPA and FDCPA.

23. Sometime before September 12, 2015, Defendants began attempts to collect

---

[1] "Student Assistance Corporation" https://www.navient.com/about/who-we-are/services/

Plaintiff's defaulted student loan, serviced by Defendant Navient and in collections with Defendant SAC.  In their attempt to collect this debt, Defendants made numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (XXX) XXX-5317.

24. Plaintiff never provided her cell phone number to Defendants, and Plaintiff never gave her express written consent to be called on her cellular telephone by automatic dialed telephone calls or prerecorded messages.

25. Plaintiff never signed any writing containing a clear and conspicuous disclosure, as required under 47 C.F.R. § 64.1200(f)(8)(i), informing the Plaintiff that by executing an agreement, Plaintiff consents to receive phone calls delivered using an automatic telephone dialing system or an artificial or prerecorded voice.

26. On or about September 29, 2015, Plaintiff made a phone call to Defendant Navient to inquire about all the unsolicited phone calls she had been receiving on her cell phone.

27. During the September 29, 2015 phone call, Plaintiff explicitly revoked any permission or consent Defendant Navient may have ever had to call her cellular telephone number (XXX) XXX-5317 and instructed Defendant Navient to never call her cellular telephone ever again.

### *Violations of the TCPA*

28. Defendants never obtained express written consent from Plaintiff to place telephone calls to Plaintiff's cellular phone using an automatic telephone dialing system or to send pre-recorded messages to Plaintiff's cellular phone.

29. Furthermore, on September 29, 2015, Plaintiff explicitly revoked any permission or consent Defendant Navient may have ever had to call her cellular telephone number (XXX) XXX-5317 and instructed Defendant Navient to never call her cellular telephone ever again.

30.     Beginning on September 12, 2015, Defendants began attempts to collect the student loan debt by making numerous unsolicited and unauthorized phone calls to Plaintiff's cellular phone number, (XXX) XXX-5317, using an automatic telephone dialing system and pre-recorded messages.

31.     Specifically, Plaintiff received at least one hundred and thirty nine such illicit pre-recorded and/or synthesized phone calls or voice messages from Defendant Navient's automatic telephone dialing system dating from September 12, 2015 to December 29, 2015.

32.     Additionally, Plaintiff received at least two hundred and three such illicit pre-recorded and/or synthesized phone calls or voice messages from Defendant SAC's automatic telephone dialing system dating from September 12, 2015 to December 29, 2015.

33.     Defendants' phone calls for Plaintiff were placed from Defendants' automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1), from the phone numbers that are registered to the Defendants.

34.     Specifically, Defendants' dialing system has the capacity to store, dial, and generate phone numbers such as Plaintiff's.

35.     These three hundred and forty two automated telephone dialing system calls were made to Plaintiff's cellular phone and she was charged for these phone calls, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

### *Violations of the FDCPA*

36.     Defendant SAC's use of a prohibited means of telecommunications violated the FDCPA, 15 U.S.C. §1692f, which prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

37.     On October 29, 2015, November 3, 2015, November 4, 2015, November 9, 2015,

November 10, 2015, November 11, 2015, December 1, 2015, December 2, 2015, December 4, 2015, December 5, 2015, and other dates Defendant SAC placed at least five daily collection phone calls to Plaintiff's cellular telephone, in violation FDCPA § 1692d(5).

38.     September 12, 2015 to December 29, 2015, Defendant SAC placed at least two hundred and three automated collection calls to Plaintiff's cellular telephone, in violation FDCPA § 1692d(5).

39.     Specifically, Defendant SAC's repeated and continuous placement of phone calls was done with the intent to annoy, abuse, and harass.

40.     Defendant SAC's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

### *Invasion of Privacy – Intrusion Upon Seclusion*

41.     Defendant Navient intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff by repeatedly and unlawfully attempting to collect a debt from Plaintiff by calling Plaintiff's cellular telephone after being told to stop, and thereby invaded Plaintiff's right to privacy.

42.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

43.     The conduct of Defendant Navient in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant Navient that occurred in a way that would be highly offensive to a reasonable person in that position.

44.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages from Defendant Navient in an amount to be determined at

trial.

## COUNT I: VIOLATION OF THE TCPA – ALL DEFENDANTS

45. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

46. In its attempts to collect the alleged debt from Plaintiff, Defendants have committed violations of the TCPA, 47 USC 227 et. seq., including, but not limited to, the following:

    a. Placing non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff. 47 USC 227(b) (1) (A) (iii).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants for:

A. Judgment that Defendants' conduct violated the TCPA;

B. Actual damages;

C. Statutory damages pursuant to 47 USC (b)(3); and

D. For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE FDCPA – DEFENDANT SAC

47. Plaintiff re-alleges and incorporates by reference all prior paragraphs.

48. In its attempts to collect the alleged debt from Plaintiff, Defendant SAC has committed violations of the FDCPA, 15 U.S.C. 1692 et. Seq., including, but not limited to, the following:

    a. Engaging in unfair practices in an attempt to collect a debt.  15 U.S.C. §1692f.

    b. Placing continuous and repeated phone calls with the intent to annoy, abuse and harass.  15 U.S.C. § 1692d(5).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant SAC

for:

    A.      Judgment that Defendant's conduct violated the FDCPA;

    B.      Actual damages;

    C.      Release of the alleged debt;

    D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

    E.      For such other relief as the Court may deem just and proper.

## COUNT III: INVASION OF PRIVACY – INTRUSION UPON SECLUSION – DEFENDANT NAVIENT

49.      Plaintiff re-alleges and incorporates by reference all prior paragraphs.

50.      The aforementioned intrusion upon seclusion by Defendant Navient was highly offensive to a reasonable person.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendant Navient for:

    A.      Actual damages;

    B.      Punitive damages;

    C.      Court costs;

    D.      For such other relief as the Court may deem just and proper.

Respectfully submitted by,

Pontello Law, LLC

/s/ Dominic Pontello

_____
Dominic M. Pontello, #60947MO
Attorney for Plaintiff

                            5988 Mid Rivers Mall Dr., Suite 114
                            St. Charles, MO  63304
                            (636) 541-7673
                            (636) 441-6881 facsimile
                            dominic@pontellolaw.com